Joseph G. Adams (#018210)
Rachael Peters Pugel (#032626)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: jgadams@swlaw.com
        rpugel@swlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swimlane, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CyberSponse, Inc., a Florida corporation; Joseph Loomis and Kimberly Loomis, husband and wife,<br><br>Defendants. | No. 2:17-cv-00438-DJH<br><br>**SWIMLANE, LLC'S MOTION TO STRIKE ALLEGATIONS IN DEFENDANTS' ANSWER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)** |

On March 22, 2017, defendants filed an Answer [doc. 13] to plaintiff Swimlane, LLC's complaint. In their filing, defendants devoted almost 8 pages to the answer and a single paragraph to affirmative defenses, while including over 17 pages of irrelevant "statements" with 42 pages of supporting exhibits that are neither responses to the complaint nor affirmative defenses. Instead, the statements relate to Swimlane's alleged refusal to resolve this matter prior to filing its complaint and the performance of Swimlane's product, unsupported allegations of intellectual property infringement (for which they assert no counterclaim), and complaints about Swimlane's choice of counsel. These statements are prejudicial to Swimlane, and have no purpose other than to damage Swimlane's reputation, to drive up costs in this matter, and to attempt to expand the scope of discovery.

4817-1240-7622

Accordingly, plaintiff respectfully moves this Court for an order striking **Paragraphs 91 through 164** from the Answer as immaterial and/or impertinent pursuant to Rule 12(f), Federal Rules of Civil Procedure.

I.  **DEFENDANTS' ANSWER CONTAINS IMMATERIAL, IMPERTINENT ASSERTIONS THAT ARE PREJUDICIAL AND SHOULD BE STRICKEN.**

  A.  **Rule 12(f) Permits the Court to Strike Immaterial and/or Impertinent Assertions From a Pleading.**

"An affirmative defense, under the meaning of Federal Rule of Civil Procedure 8(c), is a defense that . . . precludes liability even if all of the elements of the plaintiff's claim are proven." *J & J Sports Prods., Inc. v. Angulo*, 2015 WL 5020725, at *2 (E.D. Cal. Aug. 21, 2015). "It is a defense on which the defendant has the burden of proof." *Id.*

Rule 12(f) allows the Court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Crestwood Capital Corp. v. Andes Indus., Inc.*, 2016 WL 3418699, at *1 (D. Ariz. June 22, 2016); *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). This Rule "seeks to 'avoid the expenditure of time and money arising from litigating spurious issues by dispensing with them prior to trial.'" *Crestwood Capital*, 2016 WL 3418699, at *1; *Fantasy, Inc.*, 984 F.2d at 1527. While motions to strike are generally not favored, they are proper when a defense is "insufficient as a matter of law" and where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *F.D.I.C. v. Varrasso*, 2012 WL 219046, at *7 (E.D. Cal. Jan. 23, 2012); *J & J Sports Prods.*, 2015 WL 5020725, at *4 (striking allegations which asserted a defect in the plaintiff's prima facie case and were, thus, not affirmative defenses).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.*, 984 F.2d at 1527 (quoting 5 Miller & Wright, *Federal Practice and Procedure* § 1382); *Campagnolo S.R.L. v. Full*

*Speed Ahead, Inc.*, 258 F.R.D. 663, 665 (W.D. Wash. 2009) (granting motion to strike where affirmative defense pled was immaterial and impertinent). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc.*, 984 F.2d at 1527 (quoting *Federal Practice and Procedure* § 1382); *Campagnolo*, 258 F.R.D. at 665. Allegations in a complaint that contain no relation to the subject matter of the underlying action and which are prejudicial to a defendant should be stricken. *Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004); *see also Visco v First Nat'l Bank of Ariz.*, 3 Ariz. App. 504, 508, 415 P.2d 902, 906 (1966) (finding motion to strike was properly granted concerning allegations that were "immaterial, impertinent, scandalous, and defamatory").

**B. Defendants' Answer Asserts Only Nine Affirmative Defenses—Contributory Negligence, Estoppel, Fraud, Illegality, Laches, License, Statute of Frauds, Statute of Limitations, and Waiver.**

Swimlane provides cyber security services to large enterprises. Dkt. 1 at ¶ 10. Defendant CyberSponse is a direct competitor of Swimlane, and defendant Joseph Loomis is the President and CEO of CyberSponse. *Id.* at ¶¶ 13-14. For over two years, Loomis has adopted a strategy of repeatedly attempting to establish a business partnership with Swimlane, and when those proposals did not succeed, publicly threatening Swimlane with accusations of intellectual property infringement. *Id.* at ¶ 15. In the fall of 2016, CyberSponse and Loomis launched a sustained campaign of harassment to disrupt Swimlane's relationships with customers and potential customers. *Id.* at ¶ 38. In particular, whenever CyberSponse and/or Loomis learned that Swimlane had gained a customer or was in discussions with a potential customer, CyberSponse and/or Loomis sent a letter accusing Swimlane of intellectual property infringement (the "Letter") to the customer or potential customer for the sole purpose of disrupting the relationship and persuading the customer not to do business with Swimlane. *Id.* Loomis also directly approached current and potential customers of Swimlane and made additional oral misrepresentations about the nature of CyberSponse's intellectual

1  property rights and additional false claims of infringement against Swimlane, all in an

2  attempt to harm Swimlane's reputation and to cause Swimlane to lose sales. *Id.* at ¶ 39.

3        Swimlane commenced this litigation to protect its legal rights and to stop

4  defendants from continuing their campaign of harassment.  Swimlane has asserted the

5  following six claims against defendants in its Complaint: (1) false advertising under 15

6  U.S.C. § 1125(a); (2) a declaratory judgment that Swimlane has not infringed any

7  intellectual property right belonging to defendants; (3) common law unfair competition;

8  (4) defamation; (5) intentional interference with business expectancies; and (6) unjust

9  enrichment. *Id.* at ¶¶ 44-90.

10       Defendants' Answer, in addition to admitting and denying the allegations in

11 Swimlane's Complaint, includes a section entitled "AFFIRMATIVE DEFENSES AND

12 STATEMENTS" (hereinafter "Section").  *See* Dkt. 13 at 8-25.  This Section of

13 defendants' Answer asserts <u>no</u> counterclaim, and lists in <u>one</u> sentence nine affirmative

14 defenses—contributory negligence, estoppel, fraud, illegality, laches, license, statute of

15 frauds, statute of limitations, and waiver. *Id.*  However, this Section contains 79

16 paragraphs, is approximately 18 pages long, and references 12 exhibits. *Id.*  Of these 79

17 paragraphs, 73 consist of factual allegations regarding topics such as Swimlane's alleged

18 bad faith in failing to resolve this matter out of court prior to filing its Complaint, the

19 quality of Swimlane's product,  defendants' belief that Swimlane has misappropriated

20 CyberSponse's intellectual property rights or trade secret(s), and Swimlane's counsel. *Id.*

21 at ¶¶ 91-164.[1]  These allegations are not affirmative defenses—they would not preclude

22 liability even if all of the elements of Swimlane's claims are proven—and they are

23 immaterial and/or impertinent to the underlying claims and defenses, and should be

24 stricken.

---

[1] All 12 exhibits attached to defendants' Answer are used in support of these 73 paragraphs of factual allegations.  Furthermore, these 73 paragraphs consist of 17 out of the 18 pages of the Section.

### C. Defendants' Affirmative Defenses Do Not Require Allegations About the Parties' Settlement Discussions, Swimlane's Product, Swimlane's Alleged Infringement or Misappropriation, or Swimlane's Attorneys.

Factual allegations set forth in an answer, which are not relevant to any affirmative defense or counterclaim pled therein, should be stricken under Rule 12(f). *Fantasy,* 984 F.2d at 1528; s*ee also Crestwood Capital*, 2016 WL 3418699, at *3 (striking all factual allegations from answer where no legally sufficient affirmative defenses remained). That was the Ninth Circuit's holding in *Fantasy, Inc. v. Fogarty*, where the defendant alleged facts in his answer which he claimed established a pattern of abuse. 984 F.2d at 1528. The defendant argued that this pattern of abuse supported his claim that the plaintiff had materially breached the parties' contract, entitling the defendant to rescind. *Id*. The Ninth Circuit, however, found that the district court did not abuse its discretion in determining that a pattern of abuse was not relevant to a rescission claim, and further stated that the district court correctly noted these allegations "created serious risks of prejudice to [the plaintiff], delay, and confusion of the issues." *Id.* As such, the Ninth Circuit upheld the plaintiffs' motion striking the "background and foundational facts" from the defendants' answer. *Id.*

In a similar case, *Xerox Corp. v. ImaTek, Inc.*, a district court used Rule 12(f) to strike multiple paragraphs from a defendant's counterclaim, which the court found to be "wholly irrelevant" to the claims at issue. 220 F.R.D. at 245-46. The allegations struck by the court concerned "the failure of [the plaintiff] to discuss settlement," and the plaintiff's "alleged violations of generally accepted accounting principles." *Id*. at 245. The court stated that because the only counterclaims alleged by the defendant were for breach of contract, fraud, and unjust enrichment, it was "far more likely that [the defendant] [was] attempting to use entirely unrelated legal controversies involving [the plaintiff] to 'muddy the waters' in [a] relatively straightforward case." *Id*. Furthermore, the court commented on the length of the allegations, stating that "in addition to the costs required to discover and litigate all one hundred paragraphs of [the defendant's] lengthy

4817-1240-7622

1  Answer and Counterclaim, [the plaintiff] would be prejudiced by the additional and
2  unnecessary costs required to respond to . . . wholly irrelevant allegations." *Id.*

3        As in *Xerox*, 73 paragraphs of the defendants' Answer are irrelevant and serve no
4  legal purpose, likely included by defendants to prejudice Swimlane, "muddy the waters,"
5  and drive up costs.[2]  For example, defendants use numerous paragraphs in their Answer
6  to state that Swimlane was unreasonable in settling these matters out of court prior to
7  filing this litigation. *See, e.g.,* Dkt. 13 at ¶ 138 ("After learning the information presented
8  herein and attempting to resolve the issues but with little to no cooperation or response
9  by the Plaintiff . . . ."); *id.* at ¶ 144 ("[O]ut of frustration with Cornell's bad faith
10 actions, . . . ."). While this is inaccurate, Swimlane was not required to settle any matter
11 with defendants before filing its Complaint. Swimlane had and has every right to protect
12 itself and its legal rights through the courts.

13       Defendants also use their Answer to disparage Swimlane's product. *See, e.g., id.* at
14 ¶ 136 (" . . . Swimlane's product had failed to perform as promised and that their product
15 crashed on almost a daily basis."). The performance of Swimlane's product is not an
16 issue in this case, and the only purpose for including this information can be to prejudice
17 Swimlane and to damage Swimlane's reputation in the cybersecurity industry.

18       Defendants' allegations about Swimlane's product and its conduct in settling this
19 matter prior to litigation are not affirmative defenses, and are immaterial and
20 impertinent—these accusations have no essential or important relationship to the
21 affirmative defenses pled by defendants, and consist of statements that do not pertain,
22 and are not necessary, to the issues in question. Furthermore, these assertions are entirely
23 irrelevant to the affirmative defenses pled by defendants'—contributory negligence,
24 estoppel, fraud, illegality, laches, license, statute of frauds, statute of limitations, and
25 waiver.

---

[2] Due to the magnitude of defendants' prejudicial assertions, Swimlane cannot discuss each paragraph in detail. However, Swimlane will set forth and discuss the general topics to which these assertions relate.

Defendants also utilize several paragraphs to discuss issues for which they assert no corresponding counterclaim.  For example, defendants accuse Swimlane of misappropriating their intellectual property rights and/or trade secrets. *See, e.g., id.* at ¶ 126 ("Swimlane elected to then move its entire team and headquarters . . . , presumably to escape the scrutiny of CyberSponse and from being forced to answer questions raised by the local business investor community about the origins of its business model and technology."); *id.* at ¶ 136 (". . . CyberSponse in good faith believed that Swimlane had engaged in unethical acts through its management and development team, and had somehow obtained its confidential and proprietary information so as to unfairly compete in the marketplace.").  Yet, as in *Fantasy*, these accusations are immaterial, as defendants have not asserted any corresponding counterclaim for intellectual property infringement or trade secret misappropriation.  Thus, these allegations have no essential or important relationship to the affirmative defenses pled by defendants—contributory negligence, estoppel, fraud, illegality, laches, license, statute of frauds, statute of limitations, and waiver—and are merely yet another attempt to prejudice Swimlane, confuse the issues, and drive up costs.

Defendants further dedicate quite a few paragraphs to discussing the law firm representing Swimlane; however, defendants do not seek to disqualify Swimlane's attorneys. *See, e.g., id.* at ¶ 94 ("CyberSponse met extensively with Snell & Wilmer, PLLC ('Snell') – plaintiff's current counsel – on a number of occasions . . . ."); *id.* ("Snell expressed a strong interest in working with CyberSponse due to the latter's expertise in the Cyber Security field, its incident response platform, and market potential.").  These statements—which are inaccurate—do not pertain, and are not necessary, to the defendants' affirmative defenses.  Furthermore, these statements are impertinent—they have no essential or important relationship to the affirmative defenses pled—and are meant only to prejudice Swimlane.

Overall, it is clear that defendants have continued their pre-litigation strategy of harassing Swimlane through the inclusion in their Answer of immaterial, impertinent,

- 7 -

and prejudicial assertions with no legal significance.  Given the fact that these impertinent and immaterial allegations are irrelevant to the claims in this matter, these allegations appear designed to expand the scope of the litigation and to give defendants some perceived benefit by either:  (1) damaging Swimlane's reputation in the cyber security marketplace, thereby causing customers to choose CyberSponse over Swimlane; (2) driving up the potential costs of litigation in the hope of obtaining a more favorable settlement; and/or (3) using the allegations as "justification" to conduct a fishing expedition into Swimlane's confidential consumer information, trade secrets, and other proprietary information during the discovery process.  These are precisely the type of allegations that Rule 12(f) was designed to address—allegations meant only to prejudice Swimlane with no legitimate legal purpose.  Therefore, Swimlane respectfully requests that the Court strike the allegations set forth in **Paragraphs 91 through 164** from the defendants' Answer.

## II.    CONCLUSION

Swimlane respectfully requests that the Court strike the immaterial and impertinent assertions set forth in **Paragraphs 91 through 164,** from defendants' Answer pursuant to Rule 12(f).

DATED this 5th day of April, 2017.

SNELL & WILMER L.L.P.

By: s/ Joseph G. Adams
Joseph G. Adams (#018210)
Rachael Peters Pugel (#032626)
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
*Attorneys for Plaintiff*

4817-1240-7622

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

By: s/ Mandy Garsha

4817-1240-7622